UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MCDONALD,<br><br>    Plaintiff,<br><br>vs.<br><br>FOREST LABORATORIES, INC. *et al.*,<br><br>    Defendant(s). | Case No.: 13-CV-00819 YGR<br><br>ORDER GRANTING MOTION OF PLAINTIFF TO REMAND; AND DENYING WITHOUT PREJUDICE TO RENEW MOTION OF DEFENDANT TO DISMISS |

On February 6, 2013, plaintiff Amy McDonald filed her lawsuit in California Superior Court for the County of Alameda alleging state law claims for employment discrimination and retaliation against her former employer Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc. ("Defendants" or "Forest Labs"). On February 22, 2013, before the summons and complaint could be served, Forest Labs removed this action invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. On March 1, 2013, Plaintiff amended her complaint to add a non-diverse defendant, her former supervisor Brian Maeyama.

Mr. Maeyama filed a motion to dismiss on the grounds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff filed a motion to remand on the grounds that the addition of Mr. Maeyama as a defendant in the lawsuit destroyed subject matter jurisdiction.

Having carefully considered the papers submitted, the pleadings, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Remand.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 14, 2013.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a). Federal subject matter jurisdiction based on diversity citizenship requires "complete diversity" between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). If at any time before final judgment it appears that the court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Title 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," the Court has two options: "[1] deny joinder, or [2] permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing H.R. Rep. No. 889 at 72-73). In these circumstances, "[t]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court will exercise its discretion and permit joinder. The factors courts generally consider in exercising their discretion weigh decidedly in favor of allowing plaintiff to amend.[2]

---

[2] These factors include:
> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Defendants oppose remand on the grounds that Mr. Maeyama was fraudulently joined to the lawsuit in order to defeat diversity jurisdiction. Fraudulent joinder is an exception to the requirement of complete diversity that permits a district court to disregard the citizenship of a non-diverse defendant when examining the propriety of removal on diversity jurisdiction grounds. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "[T]he core inquiry in a fraudulent joinder analysis, *i.e.*, whether there is any possibility of recovery against the non-diverse defendant, is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined." *Taylor v. Honeywell Corp.*, 09-CV-4947 SBA, 2010 WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010)

Here, Plaintiff alleges a significant factual basis regarding Mr. Maeyama's active participation in the circumstances giving rise to this lawsuit. Further, she need only state one valid claim for purposes of this motion. The Court finds that Defendants have not met their burden of establishing jurisdiction. Accordingly, the joinder of Mr. Maeyama destroys diversity and divests this Court of subject matter jurisdiction. The action must be remanded to the state court.

Plaintiff's Motion to Remand is **GRANTED.**

The Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to refile in state court.

The Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court for the County of Alameda.

This terminates Docket Nos. 11 & 26.

**IT IS SO ORDERED**.

**Date: May 9, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

*IBC Aviation Servs.*, *supra*, 125 F. Supp. 2d at 1011 (citing *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000)). Not all factors need be considered, any "factor[] might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, 09-CV-03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. Jul. 6, 2010).